**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1602

MARIO SAADE,

Petitioner,

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW ON AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Mario Youssef Saade on brief pro se.
Peter D. Keisler, Assistant Attorney General, Christopher C.
Fuller, Senior Litigation Counsel, and Alison Marie Igoe, Senior
Litigation Counsel, on brief for respondent.

June 15, 2004

**Per Curiam**.  Mario Saade, a Lebanese citizen, requested asylum and other relief on the ground that he feared persecution by the Hezbollah based upon his political opinion.  After an evidentiary hearing, an immigration judge found him ineligible for asylum, withholding of deportation, or relief under the United Nations Convention Against Torture.[1]  Because Saade did not otherwise contest his removability, the immigration judge ordered his deportation to Lebanon.  The Board of Immigration Appeals summarily affirmed that decision, and this petition for review followed.

This court's review of the immigration judge's decision[2] is narrowly circumscribed.  To reverse the immigration judge's factual findings, we "must find that the evidence not only <u>supports</u> that conclusion, but <u>compels</u> it."  INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992); <u>see</u> 8 U.S.C. § 1252(b)(4)(B).  The immigration judge's application of the relevant legal standards to his factual circumstances is entitled to substantial deference as well.  <u>INS</u> v. <u>Cardoza-Fonseca</u>, 480 U.S. 421, 448 (1987); <u>Alverez-Flores</u> v. <u>INS</u>, 909 F.2d 1, 3-4, 5 (1st Cir. 1990).

---

[1]On appeal, Saade does not challenge the immigration judge's denial of relief under the Convention Against Torture.

[2]Because the Board of Immigration Appeals affirmed the immigration judge's decision without opinion, we review the decision of the immigration judge.  <u>Albathani</u> v. <u>INS</u>, 318 F.3d 365, 373 (1st Cir. 2003).

Under those standards, the immigration judge's decision in this case easily survives review.  To be eligible for asylum, Saade had to prove that he "is unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of . . . political opinion."  8 U.S.C. §§ 1101(a)(42), 1158(b)(1); see also 8 C.F.R. § 1208.13(b); Ravindran v. INS, 976 F.2d 754, 758 (1st Cir. 1992).  Even putting credibility issues aside and viewing the evidence in the light most favorable to the petitioner, we are not "compelled" to conclude that Saade was persecuted in the past or has a well-founded fear of being persecuted in the future on account of his political opinions.

Further assuming, without deciding, that Saade had accomplished the "daunting task," Guzman v. INS, 327 F.3d 11, 15 (1st Cir. 2003), of proving past persecution or a well-founded fear of future persecution, the immigration judge still would have been justified in finding him ineligible for asylum based on his failure to demonstrate the required nexus between the alleged persecution and his political opinions.  See 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(1) and (2)(i)(A); Elias-Zacarias, 502 U.S. at 483; Guzman, 327 F.3d at 15.  The immigration judge's conclusion that no such nexus had been shown is amply supported by the evidence.

Like the alien in Elias-Zacarias, 502 U.S. at 483, Saade has failed to show that his alleged persecutors "will persecute him

-3-

because of [his] political opinion, rather than because of his refusal to fight [or work] with them." Under those circumstances, the immigration judge correctly found him ineligible for asylum, and Saade has shown no compelling basis for us to reverse that result.

Because the standard for withholding of deportation is even more stringent than that for granting asylum, INS v. Stevic, 467 U.S. 407, 428-29 (1984), the immigration judge correctly concluded that if Saade was not eligible for asylum, then, a fortiori, he was not eligible for withholding of deportation either. See Guzman, 327 F.3d at 15.

Accordingly, the petition for review is denied and the order of the Board of Immigration Appeals is affirmed.